UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE PANSOY,<br>Plaintiff,<br>v.<br>CITY OF ROSEVILLE, et al.,<br>Defendants. | Case No. 2:25-cv-00889-CSK<br><br>ORDER RE: PLAINTIFFS' MOTION TO AMEND (ECF No. 42) |

Pending before the Court is Plaintiffs Jasmine Pansoy, Amie Chan, and Ryan Smith's ("Plaintiffs") motion for leave to file a second amended complaint.[1] (ECF No. 42.) Plaintiff Elijah Norwood neither joins nor opposes the motion. A hearing was held on August 18, 2026. Attorney Joseph David Manuel appeared as counsel for Plaintiffs; attorney Bhupinder Kaur Mann appeared as counsel for Defendants City of Roseville, Officer Hancock, and Officer Sanchez; and attorney Derick E. Konz appeared as counsel for Defendant Officer Franklin. (ECF No. 46.)

For the reasons that follow, the Court GRANTS Plaintiffs' motion for leave to

[1] Case No. 2:25-cv-00889-CSK (*Pansoy*) has been designated as the lead case and is consolidated with *Chan v. City of Roseville*, No. 2:25-cv-00975-CSK (*Chan*), with all documents filed in *Pansoy*. (ECF No. 33.) This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. *Pansoy* (ECF Nos. 18-21); *Chan* (ECF Nos. 21-24).

amend.

## I. BACKGROUND

### A. Parties to the Consolidated Action

Plaintiff Jasmine Pansoy filed her initial complaint in *Pansoy* on March 18, 2025, naming the City of Roseville, Officer Franklin, K-9 Officer Koenig (a police dog), Officer Sanchez, and Officer Hancock as defendants. *Pansoy*, Complaint (ECF No. 1) ("*Pansoy* Compl."). Plaintiffs Amie Chan and Ryan Smith filed their initial complaint in *Chan* against the same defendants on March 28, 2025. *Chan*, Complaint (ECF No. 1). Plaintiff Elijah Norwood was added to the *Chan* action when Plaintiffs Chan, Smith, and Norwood filed their First Amended Complaint in *Chan* against the City of Roseville, Officer Franklin, Officer Sanchez, and Officer Hancock (dropping Officer Koenig) on August 1, 2025. *Chan*, First Amended Complaint (ECF No. 29) ("*Chan* FAC"). In *Pansoy*, Defendant Officer Koenig was voluntarily dismissed by Plaintiff on April 24, 2025. (*See* ECF Nos. 11, 13.)

Thus, based on the operative pleadings in this consolidated action, Plaintiffs Pansoy, Chan, Smith, and Norwood assert claims against Defendants City of Roseville, Officer Franklin, Officer Sanchez, and Officer Hancock.

### B. Factual Allegations

Both operative complaints (the *Pansoy* Complaint and *Chan* FAC) allege the same set of events. On July 7, 2024, at the Roseville Galleria Mall, Plaintiffs were detained at the Crate and Barrel furniture store by Defendant Officer Franklin with his police dog, Officer Koenig. *Pansoy* Compl. ¶¶ 9, 11; *Chan* FAC ¶¶ 11, 14. Plaintiffs were all seventeen years old at the time of the incident. *Pansoy* Compl. at 2; *Chan* FAC ¶¶ 5-7. Upon being stopped by Defendant Officer Franklin, Plaintiff Pansoy began to film the encounter on her phone. *Pansoy* Compl. ¶ 12; *Chan* FAC ¶ 15. Defendant Officer Franklin questioned Plaintiff Pansoy, who was seated on a couch and responded asking why she was being detained. *Pansoy* Compl. ¶ 14; *Chan* FAC ¶ 17. Defendant Officer Franklin then allegedly grabbed Plaintiff Pansoy and forcefully pulled her over the back

of the couch, causing her to hit her face on the floor; and the police dog, Officer Koenig, jumped on Plaintiff Pansoy and bit her leg. *Pansoy* Compl. ¶ 15; *Chan* FAC ¶ 18. As Plaintiffs Chan and Smith began to record the incident on their own phones, Defendant Officer Franklin allegedly pulled out his firearm and aimed it at Plaintiffs Chan, Smith, and Norwood (who was not recording). *Pansoy* Compl. ¶¶ 17-18; *Chan* FAC ¶¶ 20-21. Defendants Officer Sanchez and Officer Hancock allegedly arrived at the scene at some point and drew and pointed their guns at Plaintiffs as well. *Pansoy* Compl. ¶¶ 22, 26; *Chan* FAC ¶¶ 26, 30. Plaintiff Pansoy was taken into custody and charged with violation of California Penal Code § 148(a); the charge was later dropped. *Pansoy* Compl. ¶ 29.

The *Pansoy* Complaint asserts the following causes of action against all Defendants: (1) 42 U.S.C. § 1983 for unreasonable seizure under the Fourth Amendment; (2) 42 U.S.C. § 1983 for excessive force under the Fourth Amendment; (3) 42 U.S.C. § 1983 for deprivation of Plaintiff Pansoy's First Amendment right to record the police encounter; (4) violation of the Fourteenth Amendment Due Process Clause based on deliberate or reckless suppression of evidence; (5) violation of the California Bane Act, Cal. Civ. Code § 52.1; (6) false arrest; (7) assault; (8) battery; (9) intentional infliction of emotional distress; and (10) malicious prosecution. *Pansoy* Compl. ¶¶ 32-102. The *Pansoy* Complaint seeks compensatory and punitive damages, statutory penalties, attorney's fees, and costs. *Id.* at 23.

The *Chan* FAC asserts the following causes of action against all Defendants: (1) 42 U.S.C. § 1983 for unreasonable seizure under the Fourth Amendment; (2) 42 U.S.C. § 1983 for excessive force under the Fourth Amendment; (3) 42 U.S.C. § 1983 for deprivation of Plaintiffs' First Amendment right to record the police encounter; (4) violation of the California Bane Act, Cal. Civ. Code § 52.1 by Plaintiffs Chan and Smith only; (5) assault by Plaintiffs Chan and Smith only; and (6) intentional infliction of emotional distress by Plaintiffs Chan and Smith only. *Chan* FAC ¶¶ 34-85. Like the *Pansoy* Complaint, the *Chan* FAC seeks compensatory and punitive damages, statutory penalties, and attorney's fees, and costs. *Id.* at 12.

### C. Procedural History

On October 30, 2025, the Court ordered *Pansoy* and *Chan* to be consolidated for discovery and pretrial scheduling only. 10/30/2025 Order (ECF No. 28). On February 18, 2026, the Court consolidated both cases for all purposes, including trial, and designated all future filings to be filed in *Pansoy*. 2/18/2026 Order (ECF No. 33).

On June 5, 2026, Plaintiffs filed a motion for leave to file a Second Amended Complaint in both cases. Pls. Mot. (ECF No. 42). Plaintiffs attached two proposed Second Amended Complaints, one for *Pansoy* (ECF No. 42-3) and another for *Chan* (ECF No. 42-4). The proposed SACs largely contain the same allegations as in the *Pansoy* Complaint and *Chan* FAC regarding the July 7, 2024 police encounter. (ECF No. 42-3 ¶¶ 8-29; ECF No. 42-4 ¶¶ 11-31.) The proposed SACs contain the same causes of action as in the *Pansoy* Complaint and *Chan* FAC, and raises one new cause of action by Plaintiffs Pansoy, Chan, and Smith against all Defendants pursuant to the Ralph Civil Rights Act, Cal. Civ. Code § 51.7 ("Ralph Act").[2] (ECF No. 42-3 ¶¶ 103-111; ECF No. 42-4 ¶¶ 86-94.)

On June 22, 2026, Defendants timely filed their opposition to Plaintiffs' motion to amend. Defs. Opp'n (ECF No. 43).[3] Plaintiffs filed their reply on June 26, 2026. Pls. Reply (ECF No. 44). Defendants filed objections to Plaintiffs' reply on July 6, 2026. (ECF No. 45.)

## II. LEGAL STANDARD FOR MOTION TO AMEND

A party seeking to amend a pleading after issuance of a pretrial scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure

---

[2] As confirmed at the hearing, Plaintiff Norwood does not join in the motion to amend because the proposed new Ralph Act claim is not brought on Norwood's behalf.

[3] In their reply, Plaintiffs claim that Defendants' opposition was untimely filed. Pls. Reply at 1 (ECF No. 44). Plaintiffs' motion was filed on June 5, 2026. Pursuant to Local Rule 230(c), Defendants' opposition was due within fourteen days. But because the fourteenth day after June 5, 2026 was June 19, 2026, which was a legal holiday (Juneteenth National Independence Day), Defendants' opposition was not due until the following Monday, June 22, 2026, which is when City Defendants filed their opposition. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A).

16(b) and, second, if good cause is shown, the party must demonstrate that the amendment is proper under Federal Rule of Civil Procedure 15(a)(2). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

To determine whether good cause exists under Rule 16, courts generally consider the diligence of the party seeking the modification. *See id.* at 609; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, "[t]he pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry [under Rule 16] is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. If the moving party fails to show diligence, "the inquiry should end." *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation modified). The court considers five factors in deciding a motion for leave to amend under Rule 15: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

## III. DISCUSSION

Plaintiffs move pursuant to Rule 15(a)(2) and 16(b)(4) for leave to amend their respective complaints in *Pansoy* and *Chan* to add an additional cause of action, asserted by Plaintiffs Pansoy, Chan, and Smith against all Defendants, pursuant to the Ralph Act, Cal. Civ. Code § 51.7, for acts of violence and threats of violence based on animus toward Plaintiffs' age. Pls. Mot. at 2. Plaintiffs were minors under 18 years old at

the time of the underlying incident. *Id.* at 7. Defendants oppose the motion on grounds that Plaintiffs unduly delayed in bringing the motion, that an amended complaint at this stage would prejudice Defendants, and that amendment to add a Ralph Act claim would be futile because Plaintiffs cannot state a Ralph Act claim. Defs. Opp'n at 3-7. Defendants also object to Plaintiffs' submission of new evidence with their reply. (ECF No. 45.) The Court first addresses Defendants' objections to Plaintiffs' evidence on reply.

**A. Defendants' Objections to Plaintiffs' Reply Evidence**

Defendants object to new evidence included in Plaintiffs' reply, namely, Defendants City of Roseville, Officer Hancock, and Officer Sanchez's Responses to Plaintiffs' Requests for Admission, Set Four, and Defendant Officer Franklin's Responses to Plaintiffs' Requests for Admission, Set Four. (ECF No. 45); *see* Pls. Reply, Exh. 1 (ECF No. 44-1), Exh. 2 (ECF No. 44-2). At oral argument, the Court provided Defendants with the opportunity to respond to Plaintiffs' new evidence. Defendants argued that, prior to filing their reply, Plaintiffs already possessed the underlying information in Defendants' Responses to Plaintiffs' Requests for Admission, Set Four because those requests for admission quote verbatim from the Internal Affairs investigation report on which Plaintiffs originally relied in bringing their motion to amend and which was produced in May 2026. The Court agrees with Defendants. *Compare* Pls. Mot. at 4 ("The evidentiary basis for the Ralph Act claim depends on records that were not available until recently. . . . including the Notice of Proposed Disciplinary Action—Dismissal for Officer Franklin."), *with* Pls. Reply at 2 ("The motive theory supporting the Ralph Act claim rests on facts contained solely in the [Internal Affairs investigative file]."), 7-8. Thus, the Court strikes Exhibits 1 and 2 in Plaintiffs' Reply and declines to consider these exhibits in reviewing Plaintiffs' motion to amend.

**B. Good Cause**

The October 30, 2025 pretrial scheduling order in this case closed further amendments to pleadings "except with leave of Court, and only after good cause is shown." 10/30/2025 Order at 3, 4. Pursuant to Rule 16, "[t]he production of evidence

including new information after a pleading amendment deadline may constitute good cause to modify the scheduling order." *Neylon v. Cnty. of Inyo*, 2017 WL 1549939, at *5 (E.D. Cal. May 1, 2017). "Alleging new claims or defenses based on evidence obtained during discovery does not show a lack of diligence, even if some of the facts underlying those new claims or defenses were available to the moving party when it filed its initial [pleading]." *Think20 Labs LLC v. PerkinElmer Health Scis., Inc.*, 2023 WL 2695502, at *2 (C.D. Cal. Mar. 10, 2023); *see also Bickerstaff v. Amazon.com Servs. LLC*, 2024 WL 4994344, at *4 (S.D. Cal. Dec. 5, 2024) ("[I]t was not unreasonable for Plaintiff to wait until she developed a more complete picture of Defendant's alleged culpability before seeking to amend her complaint.").

Plaintiffs argue they have established good cause under Rule 16(b) to modify the scheduling order and request leave to amend their complaints because Plaintiffs acted with reasonable diligence to seek leave to add Ralph Act claims once the evidentiary basis for those claims became known. Pls. Mot. at 4. According to Plaintiffs, the basis for their decision to plead Ralph Act claims for age-based acts or threats of violence lies in departmental records produced by Defendant City of Roseville on May 22, 2026. *Id.* The records made findings after the July 7, 2024 incident that Defendant Officer Franklin had used unjustified force against a compliant minor, that "fellow officers observed Franklin 'struggled with interactions involving juveniles and young adults, especially those recording with phones,'" and that Officer Franklin's "'boiling point' was triggered by young people who challenged him." *Id.* Plaintiffs assert these records also detail that Defendant Officer Franklin initially planned to conduct covert surveillance of Plaintiffs from a distance but changed his approach when one of the Plaintiffs spotted him. *Id.*

The Ralph Act guarantees people in California "the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property . . . on account of any [protected] characteristic." Cal. Civ. Code § 51.7(b)(1). To plead a Ralph Act claim for acts or threats of violence, a plaintiff must allege that (1) the defendant committed or threatened violent acts against the plaintiff; (2) the defendant

was motivated by his or her perception of the plaintiff's protected characteristic; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing plaintiff's harm. *See Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014); *Rodriguez v. Orange Cnty.*, 2023 WL 6472000, at *6 (S.D. Cal. Oct. 4, 2023) (citing *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009)).

Here, the Court agrees that Plaintiffs have established good cause by showing reasonable diligence in seeking leave to amend after uncovering new information in discovery that would support their Ralph Act claim. As Plaintiffs argue, their motion for leave to amend is based on purported evidence of Defendant Officer Franklin's past difficulties with juveniles, which may help Plaintiffs prove liability under the Ralph Act by showing he was motivated by his perception of Plaintiffs' young age. Plaintiffs acted promptly to seek leave to amend after uncovering this evidence. On April 24, 2026, Plaintiffs requested Defendant Officer Franklin's records pursuant to California Penal Code § 832.7 from Defendant City of Roseville, which produced the records on May 22, 2026. Pls. Mot. at 4; Declaration of Joseph Manuel ¶¶ 5 (ECF No. 42-1). Plaintiffs then filed their motion for leave to amend slightly less than two weeks later, on June 5, 2026. Pls. Mot. Accordingly, Plaintiffs acted with reasonable diligence. *See Bickerstaff*, 2024 WL 4994344, at *4; *Est. of Neil v. Cnty. of Colusa*, 2021 WL 3857961, at *2 (E.D. Cal. Aug. 30, 2021) (holding that plaintiffs satisfied Rule 16 good cause standard where they moved to amend three weeks after receiving "new facts and theories that came to light once provided with" discovery production).

Although Plaintiffs address the Rule 16(b) good cause issue in their opening brief, Defendants failed to respond to it in their opposition. *See* Defs. Opp'n. "Ordinarily, arguments not timely presented are deemed waived." *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 n.9 (9th Cir. 2007). Thus, Defendants have waived any arguments against a finding of good cause under Rule 16(b). The Court proceeds to consider whether Plaintiffs should be granted leave to amend pursuant to Rule 15.

/ / /

**C. Leave to Amend**

The Court addresses all five factors set forth above for determining whether leave to amend is warranted under Rule 15.

1. <u>Prejudice</u>

Because consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *See Eminence Cap., LLC*, 316 F.3d at 1052. "In the context of a motion to amend, prejudice means undue difficulty in prosecuting a lawsuit as a result of change in tactics or theories on the part of the other party." *Wagner v. Cnty. of Plumas*, 2020 WL 820241, at *5 (E.D. Cal. Feb. 19, 2020) (citation modified). Courts find prejudice where the proposed amended pleading would "greatly alter[] the nature of the litigation" and require defendants to "undertake[], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In contrast, there is no prejudice where an amended complaint "contains no revelation unforeseen to defendants" but merely "adds a theory of recovery based on a more complete and current understanding of the same transaction or occurrence." *Wagner*, 2020 WL 820241, at *5.

Here, Plaintiffs' proposed Ralph Act claims rely on almost identical factual circumstances as in the *Pansoy* Complaint and *Chan* FAC, namely, the July 7, 2024 police encounter. *Compare Pansoy* Compl. ¶¶ 8-29 *and Chan* FAC ¶¶ 11-31, *with* ECF No. 42-3 ¶¶ 8-29 *and* ECF No. 42-4 ¶¶ 11-31. The proposed SACs' additional allegations relate to Defendant Officer Franklin's internal motivations for his actions taken during the July 7, 2024 incident. (*See* ECF No. 42-3 ¶¶ 106-109; ECF No. 42-4 ¶¶ 89-92.) Thus, the proposed SACs "add[] a theory of recovery based on a more complete and current understanding of the same transaction or occurrence," which does not substantially prejudice Defendants. *Wagner*, 2020 WL 820241, at *5.

Defendants contend, however, that amendment of Plaintiffs' complaints would create "substantia[l] prejudice" because "Plaintiffs seek to inject an entirely new theory of liability after substantial discovery has already occurred," which in turn "would require

additional written discovery, supplemental depositions, and further motion practice, resulting in increased costs and delay." Defs. Opp'n at 6. This argument fails. A party opposing amendment "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Shuey v. County of Ventura*, 2016 WL 4367224, at *4 (C.D. Cal. Aug. 11, 2016) (citation modified). Here, though Defendants assert prejudice, they have not shown prejudice. "The need for additional discovery, expenses, or delay is insufficient by itself to serve as the substantial prejudice necessary to deny a proposed amended pleading. There should be some showing of an inability to respond to the proposed amendment." *Prac. Magic, LLC v. Petzinger*, 2025 WL 2995124, at *2 (C.D. Cal. Jan. 8, 2025) (citation modified). The close of fact discovery is October 1, 2026, and the close of expert discovery is April 19, 2027. 10/30/2025 Order at 13. Dispositive motions are due by June 22, 2027. *Id.* Trial is scheduled to begin January 24, 2028. 2/18/2026 Order (ECF No. 33).

At the August 18, 2026 hearing, Defendants confirmed they would need additional discovery to assess Plaintiffs' Ralph Act claim, possibly including further written discovery and re-opening the depositions of Plaintiffs. Defendants also confirmed that if leave to amend were granted, they would likely file a motion to dismiss. Plaintiffs stated that they would not need additional discovery to proceed on their Ralph Act Claim. The Court agrees that it would need to modify the scheduling order to provide Defendants with sufficient time to respond to the amended complaint and conduct additional discovery.

Thus, because the Court will modify the scheduling order in this case as set forth below, Defendants are not deprived of the opportunity to respond to the new Ralph Act claim or conduct additional discovery. *See Wagner*, 2020 WL 820241, at *5 (finding no prejudice where defendants failed to specify unfair disadvantage).

Accordingly, the Court concludes that Defendants would not be substantially prejudiced by an amendment to add a Ralph Act claim.

2. <u>Undue Delay</u>

"Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir.1991)). "[I]n evaluating undue delay, [courts] also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citation modified). "[D]elay is usually not sufficient alone to deny a motion to amend. Nonetheless, delay in combination with other factors is sufficient reason for denial." *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1997) (citation modified); *see also Willner v. Manpower Inc.*, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) ("The Ninth Circuit disfavors denials of leave to amend on the basis of undue delay where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith.") (citation modified).

Here, Plaintiffs have not engaged in undue delay because, as discussed earlier, (1) Plaintiffs did not delay by bringing this motion to substitute within two weeks of obtaining relevant facts to support adding Ralph Act claims, (2) fact discovery does not close until October 1, 2026, (3) the dispositive motion deadline is June 2027, and (4) trial is scheduled to occur in late January 2028, almost 1.5 years later. Thus, considering the current scheduling order, Plaintiffs have not unduly delayed in bringing their motion for leave to amend. *See Howell v. Pepperdine Univ.*, 2025 WL 819594, at *3 (C.D. Cal. Feb. 10, 2025) (finding no undue delay where plaintiff filed motion to amend one month after receiving source of proposed defamation claims); *Brunell v. Thermo Fisher Sci. Inc.*, 2025 WL 3063628, at *2 (S.D. Cal. Nov. 3, 2025) (finding no undue delay where plaintiff filed motion to amend within one month of discovery disclosures serving as basis for amendment).

Defendants argue that Plaintiffs unduly delayed because their proposed Ralph Act claims are based on facts that were known to Plaintiffs months into discovery, if not since the start of the litigation. However, Plaintiffs' knowledge of the July 7, 2024 incident is different from knowledge of Defendant Officer Franklin's alleged predisposition against Plaintiffs based on their age, which would provide the necessary basis for a Ralph Act claim for violence or threats of violence due to age-based animus. *See* Pls. Mot. at 5-6. Defendants point to no discovery that made Plaintiffs aware of Defendant Officer Franklin's alleged age-based animus until recently. *See* Defs. Opp'n at 4. Plaintiffs were not required to assert Ralph Act claims at the start of the litigation when the facts or evidence known to them suggested that the claim may not be meritorious. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no undue delay where plaintiffs "waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"). Even if Plaintiffs knew that a Ralph Act claim could have been pleaded based on the facts known at the time of initiating litigation, district courts have found no undue delay where "it is entirely plausible that [the claimant's] new proposed claims still stem from new information learned in discovery." *Sunflora, Inc. v. Nat. Sols., LLC*, 2021 WL 8316276, at *2 (C.D. Cal. Nov. 4, 2021); *see also Gonzalez v. Wilmington Tr., NA*, 2016 WL 4542027, at *5-6 (S.D. Cal. June 15, 2016) (finding no undue delay where "Plaintiffs learned of relevant facts during the course of discovery and promptly moved to amend relevant deadlines").

Accordingly, Plaintiffs have not unduly delayed in bringing their motion for leave to amend. Therefore this factor does not weigh against granting Plaintiffs' motion.

3. Futility

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). That is, "an amendment is 'futile' only if it would clearly be subject to dismissal." *SAES Getters S.p.A.*

*v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs*, 83 F.2d at 188).

Defendants argue that leave to amend would be futile because Plaintiffs cannot state a claim under the Ralph Act where they fail to allege "age-related comments, statements or conduct by Officer Franklin during the incident." Defs. Opp'n at 8. Defendants also argue the proposed Ralph Act claims fail because Plaintiffs have not shown they presented this claim pursuant to the Government Claims Act. *Id.* at 2.

Defendants' futility arguments fail. "Although courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Bencomo v. Cnty. of Sacramento*, 2024 WL 382381, at *2 (E.D. Cal. Jan. 31, 2024) (citation modified); *Wilson v. Conair Corp.*, 2016 WL 7742801 (E.D. Cal. Feb. 5, 2016). Defendants' arguments are better addressed in a Rule 12(b)(6) motion to dismiss. Accordingly, the Court declines to address Defendants' arguments regarding the sufficiency of Plaintiffs' proposed pleading at this time. *See Howell*, 2025 WL 819594, at *4.

4. <u>Bad Faith</u>

For a court to deny leave to amend based on bad faith, the court must find that "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or that the plaintiff has otherwise acted with a "wrongful motive," *DCD Programs*, 833 F.2d at 187. The Court finds that Plaintiffs' proposed amendment is not made in bad faith, and Defendants have not presented any evidence of bad faith. *See* Defs. Opp'n. Accordingly, this factor weighs in favor of granting the motion to amend.

5. <u>Previous Amendments</u>

A district court's discretion to deny amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). On August 1, 2025, prior to the

issuance of a scheduling order and the start of discovery, Plaintiffs Chan, Smith, and Norwood amended their complaint in *Chan* to add Norwood as a Plaintiff. *Chan* FAC. Plaintiffs have not amended their complaints since then. Thus, the Court finds that this factor also favors amendment.

6. Conclusion

As discussed above, all five of the Rule 15 factors favor amendment. Therefore, the Court grants Plaintiffs' motion for leave to amend pursuant to Rule 15.

## IV. CONCLUSION

At the August 18, 2026 hearing, Plaintiffs agreed that if permitted to amend, they should file a single consolidated amended complaint, rather than separate amended complaints for *Pansoy* and *Chan* because the cases have been consolidated for all purposes, including trial. Accordingly, Plaintiffs shall file a consolidated Second Amended Complaint by August 26, 2026. Further, as requested at oral argument, Defendants shall have 30 days to respond to the consolidated Second Amended Complaint. The Court modifies the schedule as provided below.

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to amend the *Pansoy* Complaint and *Chan* FAC (ECF No. 42) is GRANTED;

2. By no later than August 26, 2026, Plaintiffs shall file a consolidated Second Amended Complaint;

3. Defendants shall have 30 days thereafter to respond to the consolidated Second Amended Complaint.

4. If Defendants file a motion to dismiss, the motion shall be heard no later than November 10, 2026, at 10:00 a.m. in Courtroom 25; and

/ / /

/ / /

/ / /

/ / /

5. The remaining case deadlines are hereby modified as follows:

| Event | Deadline Ordered |
|---|---|
| Plaintiffs' Consolidated Second Amended Complaint Filed By | **August 26, 2026** |
| Defendants' Response to Consolidated Second Amended Complaint Filed By | **September 29, 2026** |
| Defendants' Motion to Dismiss Heard By | **November 10, 2026** at 10:00 a.m., Courtroom 25 |
| Non-Expert Discovery Completion | **January 11, 2027** |
| Expert Disclosures Due By | **May 7, 2027** |
| Rebuttal Expert Disclosures Due By | **June 25, 2027** |
| Expert Discovery Completion | **July 26, 2027** |
| If cross-motions for summary judgment, Plaintiffs' Summary Judgment Motion Filed By | **September 7, 2027** |
| If no cross-motions for summary judgment, Dispositive Motions Filed By | **September 28, 2027** |
| Dispositive Motions Heard By | **November 2, 2027** |
| Joint Pretrial Statement Filed By | 21 days before the FPTC (close of business) |
| Motions In Limine, Trial Briefs, Voir Dire, Jury Instructions & Verdict Forms Filed By | 14 days before the FPTC (close of business) |
| Oppositions to Motions in Limine Filed by | 7 days before the FPTC (close of business) |
| Final Pretrial Conference and Motions In Limine Hearing | **February 21, 2028** at 10:00 a.m., Courtroom 25 |
| Jury Trial (6-8 days) | **May 8, 2028** at 9:30 a.m., Courtroom 25 |

All other requirements set forth in the Pretrial Scheduling Order remain in place. *See* 10/30/2025 Order (ECF No. 28).

Dated: August 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, pans.0889.25