UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMINE PANSOY, et al.,

Plaintiffs,

v.

CITY OF ROSEVILLE, et al.,

Defendants.

Case No. 2:25-cv-00889-CSK

ORDER

(ECF Nos. 53, 55)

Pending before the Court are two motions to partially dismiss Plaintiffs Jasmine Pansoy, Amie Chan, Ryan Smith, and Elijah Norwood's Consolidated Second Amended Complaint ("SAC"), filed by Defendant Officer Kyle Franklin and by Defendants City of Roseville and Officer Hancock.[1] (ECF Nos. 53, 55.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Defendant Officer Franklin's and Defendants City of Roseville and Officer Hancock's motions to dismiss and dismisses, with leave to amend, Plaintiffs' malicious prosecution claim (Claim Ten) and their claim for violation of the California Ralph Civil Rights Act, Cal. Civ. Code § 51.7 ("Ralph Act")

[1] Case No. 2:25-cv-00889-CSK (*Pansoy*) has been designated as the lead case and is consolidated with *Chan v. City of Roseville*, No. 2:25-cv-00975-CSK (*Chan*), with all documents filed in *Pansoy*. (ECF No. 33.)

(Claim Eleven).

# I. BACKGROUND

## A. Factual Allegations[2]

Plaintiffs Pansoy, Chan, Smith, and Norwood assert claims against Defendants City of Roseville, Officer Franklin, Officer Sanchez, and Officer Hancock. On July 7, 2024, at the Roseville Galleria Mall, Plaintiffs were detained at the Crate & Barrel furniture store by Defendant Officer Franklin with his police dog, Officer Koenig. SAC ¶¶ 19, 23 (ECF No. 49). Plaintiff Pansoy was seventeen years old at the time of the incident; Plaintiffs Chan and Smith were sixteen years old; and Plaintiff Norwood was eighteen years old. *Id.* ¶¶ 6-9. Upon being stopped by Defendant Officer Franklin, Plaintiff Pansoy began to film the encounter on her cell phone. *Id.* ¶ 24. Defendant Officer Franklin told Plaintiff Pansoy to put her phone away, but when she refused, he grabbed the phone and tossed it onto a nearby couch. *Id.* ¶ 25. Plaintiff Pansoy retrieved her phone and continued recording while sitting on the couch. *Id.* Plaintiffs allege that Defendant Officer Franklin then grabbed Plaintiff Pansoy and forcefully pulled her over the back of the couch, causing her to hit her face on the floor; and Defendant Officer Franklin's police dog, Officer Koenig, jumped on Plaintiff Pansoy and bit her leg. *Id.* ¶¶ 30, 32.

Defendant Officer Sanchez arrived at the scene while Defendant Officer Franklin was pulling Plaintiff Pansoy over the back of the couch, and Defendant Officer Sanchez assisted Defendant Officer Franklin with placing Plaintiff Pansoy in handcuffs. *Id.* ¶ 37. Plaintiffs Chan and Smith began to record the incident on their cell phones. *Id.* ¶ 38. Plaintiffs allege Defendant Officer Franklin drew his firearm and aimed it at Plaintiffs Chan, Smith, and Norwood. *Id.* ¶ 39. Defendant Officer Sanchez also allegedly drew his

---

[2] These facts primarily derive from the SAC (ECF No. 49), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

firearm but kept it pointed at the ground. *Id.* ¶ 41.

Defendant Officer Hancock arrived at the scene while Defendant Officer Sanchez was placing handcuffs on Plaintiff Pansoy. *Id.* ¶ 44. Defendant Officer Hancock also drew his firearm and "held Chan, Smith, and Norwood at gunpoint." *Id.* ¶ 45. Plaintiffs Chan, Smith, and Norwood were placed in handcuffs. *Id.* Plaintiff Pansoy was taken into custody and charged with violation of California Penal Code section 148(a)(1), but the charge was later dropped. *Id.* ¶¶ 51-52.

Plaintiffs allege that in August 2024, the Roseville Police Department performed an investigation of Defendant Officer Franklin regarding the July 7, 2024 incident, resulting in an Internal Affairs Investigation report concluding that he had acted outside Department policy. *Id.* ¶ 55.

**B. Procedural Posture**

On February 18, 2026, the Court consolidated both *Pansoy* and *Chan* cases for all purposes, including trial, and designated all future filings to be filed in *Pansoy*. 2/18/2026 Order (ECF No. 33).

Pursuant to the Court's August 19, 2026 Order granting leave for Plaintiffs to file a Consolidated Second Amended Complaint (ECF No. 47), Plaintiffs filed the SAC on August 26, 2026. (ECF No. 49.) In the SAC, Plaintiffs assert the following causes of action:

(1) 42 U.S.C. § 1983 for unreasonable seizure under the Fourth Amendment, by all Plaintiffs against Defendants Officer Franklin, Officer Sanchez, and Officer Hancock;

(2) 42 U.S.C. § 1983 for excessive force under the Fourth Amendment, by Plaintiff Pansoy against Defendant Officer Franklin and by Plaintiffs Chan, Smith, and Norwood against Defendants Officer Franklin and Officer Hancock;

(3) 42 U.S.C. § 1983 for First Amendment retaliation, by all Plaintiffs against Defendants Officer Franklin and Officer Hancock;

(4) 42 U.S.C. § 1983 for reckless or deliberate failure to preserve evidence under the Fourteenth Amendment, by Plaintiff Pansoy against Defendant Officer Hancock;

(5) Violation of the California Bane Act, Cal. Civ. Code § 52.1, by Plaintiff Pansoy against Defendants Officer Franklin, Officer Sanchez, Officer Hancock, and City of Roseville, and by Plaintiffs Chan and Smith against Defendants Officer Franklin, Officer Hancock, and City of Roseville;

(6) False arrest, by Plaintiff Pansoy against Defendants Officer Franklin and City of Roseville;

(7) Assault, by Plaintiff Pansoy against Defendant Officer Franklin, by Plaintiffs Chan and Smith against Defendants Officer Franklin and Officer Hancock, and by Plaintiffs Pansoy, Chan, and Smith against Defendant City of Roseville;

(8) Battery, by Plaintiff Pansoy against Defendants Officer Franklin and City of Roseville;

(9) Intentional infliction of emotion distress, by Plaintiff Pansoy against Defendant Officer Franklin, by Plaintiffs Chan and Smith against Defendants Officer Franklin and Officer Hancock, and by Plaintiffs Pansoy, Chan, and Smith against Defendant City of Roseville;

(10) Malicious prosecution, by Plaintiff Pansoy against Defendants Officer Franklin and City of Roseville; and

(11) Violation of the California Ralph Civil Rights Act, Cal. Civ. Code § 51.7, by Plaintiffs Pansoy, Chan, and Smith against Defendants Officer Franklin, Officer Hancock, and City of Roseville.

*Id.* ¶¶ 67-131. Plaintiffs seek compensatory and punitive damages, statutory penalties, attorney's fees, and costs. *Id.* ¶¶ 133-136, Prayer for Relief.

On October 1, 2026, Defendant Officer Franklin filed a motion to dismiss the malicious prosecution (tenth claim) and Ralph Act (eleventh claim) claims in the SAC.

(ECF No. 53.) On October 6, 2026, Defendants Officer Hancock and City of Roseville filed their motion to dismiss the same claims against them. (ECF No. 55.) Pursuant to the parties' stipulation to align the briefing on both motions to dismiss, Plaintiffs filed a consolidated opposition on October 20, 2026. Pls. Opp'n (ECF No. 58). Defendants Officer Franklin and Officer Hancock and the City replied on October 30, 2026. (ECF Nos. 59, 60.) Briefing is now complete.

## II. LEGAL STANDARDS

### A. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### B. Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. Cal. Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*,

2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

## III. DISCUSSION

Before turning to Defendants' motions to dismiss, the Court first addresses Defendants City of Roseville, Officer Sanchez, and Officer Hancock's request for judicial notice.

### A. Request for Judicial Notice

Defendants City of Roseville, Officer Sanchez, and Officer Hancock request the Court take judicial notice of pre-litigation Government Claim forms submitted to the City by Plaintiffs Pansoy, Smith, and Chan on September 3, 2024, October 10, 2024, and December 16, 2024, respectively. City Defs. RJN (ECF No. 55-4). Plaintiffs do not oppose the request and themselves cite to the exhibits submitted by Defendants for judicial notice. *See* Pls. Opp'n at 16. Accordingly, the Court grants Defendants City of Roseville, Officer Sanchez, and Officer Hancock's request for judicial notice and takes judicial notice of Plaintiffs Pansoy, Smith, and Chan's Government Claim forms. *See* *Crain v. California*, 2025 WL 510368, at *4 (E.D. Cal. Feb. 14, 2025) (collecting cases taking judicial notice of government tort claims), *report and recommendation adopted*, 2025 WL 3771330 (E.D. Cal. Dec. 31, 2025).

### B. Defendants' Motions to Dismiss

Defendant Officer Franklin moves to dismiss (1) Plaintiff Pansoy's claim for malicious prosecution (Claim Ten) and (2) Plaintiffs Pansoy, Chan, and Smith's Ralph Act claim (Claim Eleven) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 53 at 2.). Likewise, Defendants City of Roseville and Officer Hancock move to dismiss the same claims pursuant to Rule 12(b)(6) for failure to state a claim. (ECF No. 55 at 2.)

#### 1. <u>Malicious Prosecution Claim</u>

Defendant Officer Franklin argues Plaintiff's malicious prosecution claim fails on

two main grounds. First, Defendant Officer Franklin contends he is immune from state malicious prosecution claims pursuant to California Government Code section 821.6, which provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Def. Franklin Mot. at 4 (ECF No. 53-1). In the alternative, Defendant Officer Franklin argues that the SAC fails to state a claim because it does not allege "favorable termination" of the charges against Plaintiff Pansoy and because the SAC does not allege he was "actively involved" in the prosecution by having falsely reported information to the prosecutor or by having pressured him to charge Pansoy. *Id.* at 4-5.

Defendant City of Roseville incorporates Defendant Officer Franklin's arguments in its respective motion, contending that the City cannot be vicariously liable where the SAC fails to state a malicious prosecution claim against Defendant Officer Franklin. City Defs. Mot. at 8-9 (ECF No. 55-1).

*a. Preliminary Issues*

The Court first addresses two preliminary issues. First, the Court notes that Plaintiff Pansoy's malicious prosecution claim was previously pleaded in Plaintiff Pansoy's original complaint, to which Defendants filed an answer. *See Pansoy* Compl. ¶¶ 96-102 (ECF No. 1); City Defs.' Answer to *Pansoy* Compl. ¶¶ 96-102 (ECF No. 22); Def. Franklin Answer to *Pansoy* Compl. ¶¶ 96-102 (ECF No. 23). Federal Rule of Civil Procedure 12(b) requires that a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." District courts have accordingly declined to consider motions to dismiss claims in an amended complaint where defendants previously answered the original complaint and the motion fails to attack new allegations or claims not in the original complaint. *See, e.g.*, *Brinson v. California*, 2025 WL 2967812, at *4 (N.D. Cal. Oct. 20, 2025); *Best Fresh LLC v. Vantaggio Farming Corp.*, 2022 WL 4112231, at *10 (S.D. Cal. Sept. 8, 2022). Here, however, Plaintiffs do not oppose Defendants' motions to dismiss their malicious

prosecution claim on timeliness grounds. *See* Pls. Opp'n. Thus, for the sake of judicial economy, the Court will consider Defendants' arguments for dismissal of Plaintiffs' malicious prosecution claim. *See Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005).

Second, although the SAC is not clear, Plaintiffs' opposition asserts that the SAC's tenth cause of action for malicious prosecution is brought under 42 U.S.C. § 1983 rather than under state law. *See* Pls. Opp'n at 5, 10, 11. Therefore, the Court proceeds to address whether the SAC adequately pleads a malicious prosecution claim as to both Defendants Officer Franklin and City of Roseville by applying federal law.

*b. Failure to State a Claim*

42 U.S.C. § 1983 provides a cause of action for the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation modified). "[A] Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

The Court addresses the deficiencies in Plaintiff Pansoy's Section 1983 malicious prosecution claim as it relates to each Defendant.

i. Defendant Officer Franklin

Malicious prosecution claims may be asserted against police officers and investigators "who wrongfully caused [the plaintiff's] prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports."). "[A] malicious prosecution claim requires more detailed factual allegations

regarding the Defendant Officers' involvement in the decision to prosecute . . . beyond the conclusory assertion that they 'caused the initiation of false charges to be filed.'" *Stubblefield v. City of Novato*, 2016 WL 192539, at *6 (N.D. Cal. Jan. 15, 2016); *cf. Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (holding plaintiff stated claim for malicious prosecution where he "alleged that the defendants illegally arrested him, contrived charges to justify the arrest, submitted false police reports and initiated his criminal prosecution in bad faith").

At the outset, Defendant Officer Franklin argues that he is immune from liability for malicious prosecution under California Government Code section 821.6. Def. Franklin Mot. at 4. But this immunity does not bar claims for malicious prosecution under 42 U.S.C. § 1983. *See Williams v. County of Alameda*, 26 F. Supp. 3d 925, 945 (N.D. Cal. 2014); *Cuadra v. City of S. San Francisco*, 2009 WL 593988, at *5 (N.D. Cal. Mar. 5, 2009). Accordingly, Defendant Officer Franklin's statutory immunity argument fails. The Court likewise rejects Defendant Officer Franklin's arguments regarding whether the SAC adequately alleges "favorable termination" under the state-law standard for malicious prosecution, which does not apply here. *See* Def. Franklin Mot. at 4-5; Def. Franklin Reply at 3-4 (ECF No. 59); *Thompson*, 596 U.S. at 49.

Nonetheless, the Court finds the SAC fails to state a Section 1983 claim for malicious prosecution against Defendant Officer Franklin because the SAC does not allege the circumstances of Plaintiff Pansoy's prosecution with sufficient detail to indicate whether Defendant Officer Franklin caused her prosecution. *See* SAC. The SAC alleges that Defendant Officer Franklin "filed the underlying police report[] and forwarded a referral for prosecution that resulted in the juvenile wardship petition" filed against Plaintiff Pansoy, that Pansoy was charged with California Penal Code section 148(a)(1), and that the charge was later dismissed. SAC ¶¶ 51, 52, 121. These allegations are conclusory and fail to explain Defendant Officer Franklin's involvement in the decision to prosecute Plaintiff Pansoy. *See Stubblefield*, 2016 WL 192539, at *5-6.

In opposition, Plaintiffs suggest that causation and malice are established where

Defendants submitted "false and misleading police reports to procure criminal charges." Pls. Opp'n at 12. This argument fails. The Court may not consider allegations raised in Plaintiffs' opposition brief that were not pleaded in the SAC. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss, we consider only allegations contained in the pleadings and exhibits attached to the complaint.") (citation modified). Even if the Court were to consider them, Plaintiffs' allegations that a Defendant falsified a police report are still vague and conclusory. *See Manko v. County of Los Angeles*, 2025 WL 1421910, at *11 (C.D. Cal. Mar. 31, 2025) (dismissing malicious prosecution claim where "[t]he FAC does not allege what role Bocanegra played in the actual prosecution of the Mankos—*i.e.*, whether the information he allegedly fabricated led to their prosecution—or provide any other details about the prosecution itself"); *Huber v. City of Beverly Hills*, 2012 WL 5416932, at *7 (C.D. Cal. Sept. 24, 2012) ("Plaintiff's bare allegation that [a defendant] omitted relevant information from the official report . . . . merely repeats an element required to state a malicious prosecution claim."), *report and recommendation adopted*, 2012 WL 5349393 (C.D. Cal. Oct. 28, 2012).

Further, although the parties did not directly address this issue, the SAC fails to allege that Defendant Officer Franklin proximately caused Plaintiff Pansoy's prosecution for the purpose of denying a specific constitutional right, such as a right to equal protection. *See Stubblefield*, 2016 WL 192539, at *6*; Gettings v. County of Shasta*, 2024 WL 1722338, at *7 (E.D. Cal. Apr. 22, 2024). For this additional reason, the SAC fails to present non-conclusory factual allegations to support a Section 1983 malicious prosecution claim.

ii. Defendant City of Roseville

The SAC fails to plausibly allege the City's liability for malicious prosecution because municipalities cannot be held vicariously liable under Section 1983 for the actions of their employees. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). "In order to establish municipal liability [under *Monell*], a plaintiff must show that

a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694). To state a *Monell* claim, a plaintiff must allege that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under Section 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the SAC's tenth cause of action contains no allegations supporting *Monell* liability. Plaintiffs' opposition also fails to explain why the City should be subject to state law providing for vicarious liability where Plaintiffs have stated that Plaintiff Pansoy's malicious prosecution claim is brought pursuant to federal law. *See* Pls. Opp'n at 12. Accordingly, the Court also dismisses Plaintiff Pansoy's malicious prosecution claim against Defendant City of Roseville. *See Pontillo v. Stanislaus County,* 2017 WL 3394126, at *7 (E.D. Cal. Aug. 8, 2017) (dismissing malicious prosecution claim for failure to allege facts giving rise to plausible claim for *Monell* liability).

2. <u>Ralph Act Claim</u>

Defendants argue Plaintiffs Pansoy, Chan, and Smith's Ralph Act claims fail on the following grounds. First, Defendant Officer Franklin argues the SAC fails to plausibly

allege that his conduct was based on a discriminatory motive against a protected characteristic of Plaintiffs Pansoy, Chan, and Smith, namely, their status at the time of the incident as minors. Def. Franklin Mot. at 5-6. Likewise, Defendants City of Roseville and Officer Hancock contend that the SAC fails to allege facts showing that Defendants Officer Franklin or Officer Hancock acted because of Plaintiffs' age. City Defs. Mot. at 4-6. Defendants City of Roseville and Officer Hancock further argue that the Ralph Act claims fail because Plaintiffs failed to satisfy the claims presentation requirement of the California Government Claims Act, Cal. Gov't Code §§ 810, *et seq.* City Defs. Mot. at 6-8. The Court turns first to the issue of compliance with the Government Claims Act.

*a. California Government Claims Act*

Under the Government Claims Act,[3] no action for damages may be commenced against a public employee or entity unless a written claim was timely presented (within six months after the challenged incident) and acted upon before filing suit. *See* Cal. Gov't Code §§ 905, 945.4, 950.2. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court* (*Bodde*), 32 Cal. 4th 1234, 1244 (2004); *see also Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) ("The requirement that a plaintiff must affirmatively allege compliance with the [Government Claims Act] applies in federal court."). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. *Shirk v. Vista Unified School Dist.*, 42 Cal. 4th 201, 209 (2007). "The fact that a public entity already had notice of potential claims does not excuse a plaintiff's failure to submit the required claim." *Est. of McDaniel v. County of Kern*, 2015 WL 7282881, at *3 (E.D. Cal. Nov. 18, 2015) (citing *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007)).

---

[3] *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'") (quoting *City of Stockton v. Superior Court*, 42 Cal. 4th 730 (2007)).

"A cause of action must be 'reflected in a timely claim,' and is vulnerable to dismissal if 'it alleges a factual basis for recovery which is not fairly reflected in the written claim.'" *Herrera v. City of Azusa*, 2020 WL 4032291, at *4 (C.D. Cal. Apr. 23, 2020) (quoting *Nelson v. California*, 139 Cal. App. 3d 72, 79 (1982)). "A claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (citation modified). "Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred." *Id.* at 447 (citation modified).

The Court finds Plaintiffs have sufficiently pleaded compliance with the Government Claims Act. *See* SAC ¶ 16. Plaintiff Pansoy's Government Claim states that "Officers Franklin Sanchez, Hancock & K-9 Koenig responded to a potential robbery call" at the Roseville Galleria Mall on July 7, 2024, alleging "Officer Frankl[i]n grabbed Ms. Pansoy then slammed her to the ground, and had his K-9 bite her, after she was already detained." City Defs. RJN, Exh. A (ECF No. 55-4). Similarly, Plaintiff Smith's and Plaintiff Chan's respective Government Claims allege that Smith and Chan were recording the incident on their phones when Defendant Officer Franklin drew his firearm on them. City Defs. RJN, Exh. B, Exh. C (ECF No. 55-4). Although Plaintiffs' pre-litigation claims do not expressly raise a Ralph Act claim or allege age-based discrimination, the claims describe the same incident as in the SAC that occurred on July 7, 2024 at the Roseville Galleria Mall. There is not a "complete shift in allegations" between Plaintiffs' pre-litigation claims and the SAC. See *Stockett*, 34 Cal. 4th at 447. Thus, the Government Claims Act does not bar Plaintiffs' Ralph Act claims. *See Davis v. City of San Jose*, 2014 WL 2859189, at *5 (N.D. Cal. June 20, 2014) (denying dismissal of Ralph Act claim because although plaintiff's pre-litigation claim presentation did not describe discriminatory animus as motivation for officers' conduct, Ralph Act claim was

"predicated on the same fundamental facts" as excessive force claim); *IDC v. City of Vallejo*, 2013 WL 6670557, at *4 (E.D. Cal. Dec. 18, 2013) (same); *K.C. v. Town of Atherton*, 2024 WL 4489444, at *2 (N.D. Cal. Oct. 15, 2024) (same).

*b. Failure to State a Claim*

"The elements of a Ralph Act claim are: (1) the defendant committed or threatened violent acts against the plaintiff; (2) the defendant was motivated by his perception of the plaintiff's [protected characteristic]; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Boules v. Doe 4*, 2025 WL 2074489, at *5 (C.D. Cal. June 16, 2025) (citation modified); *see also Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81 (2007). To satisfy the second element, a plaintiff "must allege facts to support a reasonable inference that the plaintiff's [protected characteristic] was a motivating factor." *Boarman v. County of Sacramento*, 2013 WL 3894167, at *2 (E.D. Cal. July 26, 2013). "In order to establish that the defendant's wrongful conduct was motivated by his perception of plaintiff's . . . protected characteristic, the plaintiff must show that the defendant was 'biased against or had an animus against' those individuals." *Save CCSF Coal. v. Lim*, 2015 WL 3409260, at *15 (N.D. Cal. May 27, 2015) (quoting *Austin B.*, 149 Cal. App. 4th at 881).

Here, assuming *arguendo* that Plaintiffs' status as minors is a protected characteristic under the Ralph Act, the Court concludes Plaintiffs fail to state a Ralph Act claim against Defendants Officer Franklin, Officer Hancock, and City of Roseville. The Court addresses each claim's deficiencies as it relates to each Defendant.

i. Defendant Officer Franklin

As to Defendant Officer Franklin, the SAC's allegations fail to support a "reasonable inference" that his conduct was motivated by Plaintiffs' status as minors. Plaintiffs' arguments in opposition are unpersuasive. First, the SAC fails to show Defendant Officer Franklin had a pre-existing bias toward minors, notwithstanding that the SAC alleges Defendant Officer Franklin "had a documented pattern — described by

a fellow officer as his ‘boiling point’ — of becoming more vocal and confrontational specifically on calls involving juveniles and young adults who talk back or record officers with their phones.” SAC ¶ 129; *see also id.* ¶ 56. Although Plaintiffs rely on these characterizations to establish Defendant Officer Franklin’s bias against minors, *see* Pls. Opp’n at 13, the reported statements are vague and could mean Officer Franklin held only a general bias toward “young adults” or toward any individuals “who talk back or record officers with their phones.” Thus, these allegations are insufficient to demonstrate that on July 7, 2024, Defendant Officer Franklin acted out of discriminatory animus toward minors.

Second, Plaintiffs contend that Defendant Officer Franklin lacked a non-discriminatory reason to detain them because Plaintiffs’ perceptible connection to earlier reports of an armed suspect in the Roseville Galleria was “tenuous at best.” *Id.* at 13-14; SAC ¶ 129. But this argument fails because the SAC alleges Defendant Officer Franklin received a radio call reporting a robbery inside the Crate & Barrel store and identifying “two Asian female adults with a tall African American male” as potential suspects. *Id.* ¶ 20. Based on the description of suspects in this radio call, which correlated with members of Plaintiffs’ group as they were leaving Crate & Barrel, Defendant Officer Franklin had a non-discriminatory reason to follow and later confront Plaintiffs.

Third, Plaintiffs attempt to infer that Defendant Officer Franklin was motivated by their age because he began his exchange with Plaintiff Pansoy by asking, “How old are you?” Pls. Opp’n at 13; SAC ¶ 26. This conclusion is speculative. Indeed, that Defendant Officer Franklin asked Plaintiff Pansoy her age may equally indicate he was not aware of whether Plaintiffs were minors or adults.

Finally, Plaintiffs point generally to the fact that Plaintiffs Pansoy, Chan, and Smith were minors at the time of the July 7, 2024 incident and that Defendant Officer Franklin “escalated to extreme physical violence against a seated, non-resisting minor.” Pls. Opp’n at 13; *see* SAC ¶¶ 31, 35, 60. These allegations do not together give rise to a reasonable inference of discriminatory motive. As discussed above, “[t]o state a claim

under [the Ralph Act], the facts alleged in the complaint must support a reasonable inference that the plaintiff's protected characteristic was a motivating reason for the defendant's conduct. Without more, an allegation that the plaintiff is a member of a protected class is insufficient to raise this inference." *Bass v. City of Fremont*, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013) (citation modified). Accordingly, the SAC's allegations that Plaintiffs Pansoy, Chan, and Smith were minors and that Defendant Officer Franklin acted unlawfully do not establish by themselves that he acted out of animus toward minors. *See id.* (dismissing Ralph Act claim "[b]ecause Bass's allegations that he is African American, the officers are white, and his stop and arrest were without justification are, without more, insufficient to show that the officers' conduct was motivated by Bass's race"); *Boarman*, 2013 WL 3894167, at *2 (E.D. Cal. July 26, 2013).

Therefore, because there are no non-conclusory allegations that Defendant Officer Franklin was motivated to act by his perception of Plaintiffs' protected characteristic as minors, Plaintiffs Pansoy, Chan, and Smith's Ralph Act claims against Officer Franklin are subject to dismissal.

ii. Defendant Officer Hancock

As to Defendant Officer Hancock, the SAC contains no allegations indicating that Plaintiffs' status as minors was a substantial motivating reasoning for his conduct. Plaintiffs' Ralph Act claim against Defendant Officer Hancock should also be dismissed. *See, e.g.*, *Gerritsen v. L.A. Cnty. Metro. Transp. Auth.*, 2024 WL 5398351 (C.D. Cal. Dec. 16, 2024) ("Because no facts plausibly show that Defendants threated to cite Plaintiff Gerritsen because they were biased against or had animus towards disabled persons, Plaintiffs' Ralph Act claim should be dismissed."), *report and recommendation adopted*, 2025 WL 438689 (C.D. Cal. Feb. 7, 2025). Plaintiffs' argument in opposition that Defendant Officer Hancock is derivatively liable for aiding Defendant Officer Franklin's "age-triggered escalation" fails because, as discussed above, Plaintiffs have not adequately alleged that Defendant Officer Franklin's actions were based on discriminatory animus toward their status as minors. *See* Pls. Opp'n at 15.

iii. Defendant City of Roseville

Finally, because Plaintiffs have not alleged a basis for direct or vicarious liability against Defendant City of Roseville, Plaintiffs' Ralph Act claim against the City is also subject to dismissal. *See Burgess v. County of San Diego*, 2021 WL 5810662, at *6 (S.D. Cal. Dec. 7, 2021) (dismissing Ralph Act claim against city where plaintiff does not allege basis for holding city either directly or vicariously liable for Ralph Act violation).

**C. Doe Defendants**

The Court notes thirty (30) Doe Defendants are named in the SAC. SAC ¶ 14. The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Further, the Court's October 30, 2025 scheduling order stated that if Plaintiffs wished to amend to add additional named defendants after discovering their identities, Plaintiffs may file a motion to amend and submit the motion for the Court's review. 10/30/2025 Pretrial Scheduling Order (ECF No. 28). Although Plaintiffs' June 5, 2026 motion for leave to amend included a draft amended complaint referring to Doe defendants, Plaintiffs made no arguments justifying leave to do so, and the Court's August 19, 2026 Order granting leave to amend did not find that Plaintiffs had leave to amend to add additional defendants. (*See* ECF No. 42); 8/19/2026 Order (ECF No. 47). Because Plaintiffs did not obtain leave to amend to add any additional defendants, the Doe Defendants are hereby dismissed.

**D. Leave to Amend**

If a complaint can possibly cured by additional factual allegations, a district court should grant leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). However, leave to amend need not be given if amendment would be futile. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). When a plaintiff has previously amended the complaint, a district court's discretion to deny leave to amend is "particularly broad." *Salameh*, 726 F.3d at 1133.

Because the defects discussed above could be corrected by amendment, the

Court grants Plaintiffs leave to amend their malicious prosecution (Claim Ten) and Ralph Act (Claim Eleven) claims against Defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). The Court cautions, however, that Plaintiffs are provided with one final opportunity to amend these claims as Plaintiffs have already been provided with an opportunity to amend. The Court is not inclined to grant additional leave to amend.

If Plaintiffs elect to file an amended complaint, it should be titled “Consolidated Third Amended Complaint” with reference to the appropriate lead case number. An amended complaint must be complete in itself without reference to any prior pleading. *See* E.D. Cal. Local Rule 220. Besides amending to cure the defects in their malicious prosecution and Ralph Act claims, Plaintiffs are not permitted to add any new claims in the Third Amended Complaint.

If Plaintiffs do not elect to file an amended complaint, the case will proceed on the first through ninth causes of action in the SAC.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. The Doe Defendants are DISMISSED without prejudice to a future motion for leave to amend to add additional defendants; and
2. Defendant Officer Franklin’s motion to partially dismiss the SAC (ECF No. 53) and Defendants City of Roseville and Officer Hancock’s motion to partially dismiss the SAC (ECF No. 55) are GRANTED;
3. Plaintiffs’ malicious prosecution claim (Claim Ten) and Ralph Act claim (Claim Eleven) are DISMISSED with leave to amend;
4. If Plaintiffs choose to amend their SAC, they shall have 14 days from the date of this order to file a Consolidated Third Amended Complaint as

/ / /

/ / /

/ / /

provided in this order. If Plaintiffs do not amend, the case will proceed on Claims One through Nine of the SAC.

Dated: November 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, pans.0889.25